

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 24, 1962

Honorable Jules Damiani, Jr.
Criminal District Attorney
Galveston County
Galveston, Texas

Opinion No. WW-1399

Re: Whether, under Article
6574b, Vernon's Civil
Statutes, original deed
records, deed of trust
records, mechanic's lien
records and minute books
may be removed from the
County Clerk's vaults for
the purpose of storage in
a bonded warehouse locat-
ed in the County seat,
after the said records
have been microfilmed,
and alternative question.

Dear Mr. Damiani:

You have requested the opinion of the Attorney General
with regard to the following questions:

1. After deed records, deed of trust records, mechanic's
   lien records and minute books of any Courts have been
   microfilmed in accordance with the provisions of Arti-
   cle 6574b, may the original bound volumes be removed
   from the Clerk's vaults for the purpose of storage in
   a bonded warehouse located in the County seat?

2. In the alternative, could the storage facilities pro-
   vided for legal records in the new County Court House,
   for the benefit of the public, house only microfilm
   reproductions of all deed records, deed of trust re-
   cords, mechanic's lien records and any minute books
   of any Courts for prior years only, and the original
   bound volumes be stored in another building nominally
   designated as a sub-office of the County Clerk or
   District Clerk in space which would be under the sole
   jurisdiction and control of such County or District
   Clerk?

The pertinent portions of Article 6574b are set forth be-
low:

"Section 1.  The Commissioners Court of
any county in Texas, or the governing body of

any political subdivision of Texas, may, at
its discretion, order, authorize and provide
for the duplication of all public records by
photostatic, photographic, miniature photo-
graphic, film microfilm or micro-photographic
process which correctly and legibly copies and
reproduces, or which forms a medium of copying
or reproducing, such public records, when, in
the judgment of a Commissioners Court, or of
the governing body of any political subdivision
of Texas, a necessity exists for the photographic
duplication of said public records for the pur-
pose of recording, preserving and protecting
same, or for the purpose of reducing space re-
quired for filing, storing and safekeeping of
same, or for any similar purpose."

"Sec. 4.  Said photographic duplicates of
all public records shall be placed in convenient-
ly accessible files and provisions shall be made
for preserving, safekeeping, using, examining,
exhibiting, projecting and enlarging the same when-
ever requested during regular office hours.  When-
ever photographic duplicates of public records
are so made, certified and placed, the original
public records may be, by order of the Commissioners
Court of the county, or of the governing body of
any political subdivision of Texas, destroyed or
otherwise disposed of, provided, however, that no
original record shall be destroyed or otherwise
disposed of unless or until the time for filing
legal proceedings based on any such record shall
have elapsed, and, in no event, shall any original
public record be destroyed or otherwise disposed
of until said public record is at least five (5)
years old; and provided further, that notice of
such proposed destruction or disposition of original
public records shall first be given to the State
Librarian, and if such records are, in his opinion,
needed for the Texas State Library, they shall be
transferred thereto in the manner provided in Arti-
cle 5439, Revised Civil Statutes, 1925."

"Sec. 5.  Nothing in this Act shall authorize
the destruction or disposition of any deed record,
deed of trust record, mechanic's lien record or any

minute book of any Court or any minute book of any political subdivision of Texas."

This statute clearly authorizes the reproduction of records of the type in question here.  It is equally obvious that Section 5 precludes any destruction or disposition of these original records once they have been reproduced on microfilm.  This is not to say, however, that the statute demands that these original records continue to be kept in the vaults of the County Clerk, for such a holding would render the statute purposeless with regard to these particular records.

Article 6574b, Section 5, forbids any destruction or disposition of deed records, deed of trust records, mechanic's lien records and minute books.  Black's Law Dictionary defines the word "disposition" as follows:  "The parting with, alienation of, or giving up property," "a destruction of property."  It would thus appear that the Clerk would be permitted to make any arrangement desired for these old original records, so long as some element of control was retained over them.  So long as the microfilmed records are available to the public in the office of the Clerk, and reasonable access may be had to the original records in case of need, it is the opinion of this office that the records may be stored at any place located in the County seat, under such terms and conditions deemed sufficient for their safeguard as may be set by the Clerk and the Commissioners Court.

S U M M A R Y

Under the authority of Article 6574b, Vernon's Civil Statutes, deed records, deed of trust records, mechanic's lien records and minute books may be microfilmed.  The original records may not then be destroyed, but may be stored at any place located in the County seat, under such terms and conditions deemed sufficient for their

safeguard as may be set by the County
Clerk and the Commissioners Court.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Malcolm Quick*

Malcolm L. Quick
Assistant

MLQ:ms:zt

APPROBED:

OPINION COMMITTEE
W. V. Geppert, Chairman

L. P. Lollar
Henry Braswell
Ernest Fortenberry
Frank R. Booth

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore